# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY BARRETT, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>v.<br><br>AMERICAN CONSUMER CREDIT, LLC,<br><br>                              Defendant. | Case No.: 3:14-cv-02903-H-BGS<br><br>**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>[Doc. No. 18] |

On December 9, 2014, Plaintiff Timothy Barrett filed this purported class action against Defendant American Consumer Credit, LLC, under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. (Doc. No. 1.) Plaintiff returned an executed summons on January 26, 2015. (Doc. No. 5.) On February 29, 2016, Plaintiff returned a corrected proof of service. (Doc. No. 13.) On March 8, 2016, the Clerk determined that Defendant had failed to plead or otherwise defend in the case and entered default. (Doc. No. 8.) On April 8, 2016, Plaintiff filed a motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. No. 18.) Defendant has not opposed the motion or otherwise appeared in this action. On May 2, 2016, the Court, pursuant to its discretion

under Local Rule 7.1(d)(1), determined that the motion was fit for resolution without oral argument and submitted the motion on the papers. (Doc. No. 19.) For the reasons that follow, the Court grants the motion.

## Background

According to the complaint, Defendant called Plaintiff on Plaintiff's cellular telephone on October 17, 2014, at 9:19 a.m. (Doc. No. 1 ¶ 14.) Plaintiff alleges that Defendant used an automatic telephone dialing system ("ATDS") to call Plaintiff and that the ATDS had the capacity to store or produce telephone numbers using a random or sequential number generator. (Id. ¶¶ 17–18.) Plaintiff states that "Plaintiff was greeted by 'dead air' prior to speaking with Defendant." (Id. ¶ 17.) Plaintiff alleges that he had not consented to receive the call and that the call was a solicitation regarding a time share that was not made for emergency purposes. (Id. ¶¶ 15, 19, 20, 22.)

## Discussion

I.   Legal Standards

"When the entry of default judgment is sought against a party, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). In addition, a district court must assess the adequacy of the service of process on the party against whom a Plaintiff seeks default judgment. HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 937-38 (D. Ariz. 2013); see also Mason v. Genisco Tech. Corp., 960 F.2d 849, 851 (9th Cir. 1992) ("A person is not bound by a judgment in a litigation to which he or she has not been made a party by service of process.").

"[A] district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); see also Lasheen v. Embassy of The Arab Republic of Egypt, 625 F. App'x 338, 340 (9th Cir. 2015). Factors that a court may consider include: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether

the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); see also Vogel v. Rite Aid Corp., 992 F. Supp. 2d 998, 1005 (C.D. Cal. 2014).

At the default judgment stage, well-pleaded factual allegations of the complaint are taken as true, except those related to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); see also Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). In addition, Federal Rule of Civil Procedure 54(c) provides that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

II.   Analysis

The Court has subject matter jurisdiction over this case because the causes of action alleged in the complaint arise under federal law. 28 U.S.C. § 1331. In addition, the Court has specific personal jurisdiction over Defendant because (1) Defendant purposefully directed its activities at this forum, (2) Plaintiff's claim arises out of Defendant's forum-related activities, and (3) it is reasonable for the Court to exercise jurisdiction in this case. See Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015). Accordingly, this case satisfies the jurisdiction requirement. See In re Tuli, 172 F.3d at 712.

Additionally, Plaintiff's service of process was adequate. Federal Rule of Civil Procedure 4(h)(1)(B) provides that a party may serve a corporation "by delivering a copy of the summons and of the complaint to an . . . agent authorized by appointment or by law to receive service of process." Plaintiff's proof of service shows that Plaintiff served Defendant's agent authorized to receive service of process with the complaint and summons on December 29, 2014. (Doc. No. 13.) Accordingly, the service of process on Defendant was proper. See Mason, 960 F.2d at 851.

Under Eitel, the Court must assess "the merits of plaintiff's substantive claim." 782 F.2d at 1471-72. The TCPA states:

> It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service.

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA creates a private right of action for damages for individuals who receive calls in violation of the act. 47 U.S.C. § 227(b)(3). A Plaintiff may seek $500 in statutory damages for each violation. Id.

The complaint states that Defendant called Plaintiff on Plaintiff's cellular telephone on October 17, 2014, at 9:19 a.m. (Doc. No. 1 ¶ 14.) Plaintiff alleges that Defendant used an ATDS to call Plaintiff, that he had not consented to receive the call, and that the call was not made for emergency purposes. (Id. ¶¶ 17, 20, 22.) Accordingly, Plaintiff has pled the elements of a TCPA claim.

Other Eitel factors also militate in favor of granting a default judgment. Plaintiff would be prejudiced absent a default judgment on his well-pleaded TCPA claim against Defendant because Defendant's failure to respond leaves Plaintiff with no other recourse. See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). There is no dispute as to material facts because Defendant has not appeared to contest Plaintiff's allegations. See id. Defendant's failure to appear or otherwise defend does not appear to be due to excusable neglect. Further, the present action involves a relatively small sum of money. Plaintiff requests a total award of $3,779 in damages, fees, and costs. (Doc. No. 18-2 at 5.) Finally, although the Court recognizes the strong policy favoring decisions on the merits, proceeding with the instant litigation would be futile given Defendant's failure to appear. See PepsiCo, 238 F. Supp. 2d at 1177. Accordingly, the Court determines that default judgment is appropriate.

Plaintiff seeks the minimum award of $500 under the TCPA. 47 U.S.C. § 227(b)(3)(B). The Court concludes that Plaintiff is entitled to this amount and awards Plaintiff $500 in statutory damages. "[I]t is the general rule in this country that unless Congress provides otherwise, parties are to bear their own attorney's fees." Fogerty v.

Fantasy, Inc., 510 U.S. 517, 533 (1994).  Plaintiff has provided no authority indicating that Congress has modified the American Rule with respect to attorney's fees in TCPA cases. Accordingly, the Court denies Plaintiff's request for attorney's fees without prejudice. Plaintiff is, however, entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  Therefore, the Court awards Plaintiff $400 in filing fees and $89 in fees for service of summons and the complaint.

## Conclusion

The Court directs the Clerk to enter a default judgment in favor of Plaintiff Timothy Barrett and against Defendant American Consumer Credit.  The Court awards Plaintiff $500 plus $489 in costs.

**IT IS SO ORDERED.**

DATED: May 5, 2016

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT